COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia


LYDDA MYERS

v.         Record No. 1737-94-4      MEMORANDUM OPINION[*]
                                BY JUDGE SAM W. COLEMAN III
JAMES T. BROLIN, A/K/A                JULY 5, 1995
 JAMES VERNON MARSH, JR.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Jack B. Stevens, Judge

              Emilia Castillo (Arlene Lyles Pripeton, P.C.,
              on brief), for appellant.

              Andrew H. Goodman (Robert L. Vaughn, Jr.;
              Glennon, Goodman & Lubeley, on brief),
              for appellee.


     This appeal is from a judgment order declaring James T.

Brolin to be the father of Lydda Myers' illegitimate child and

awarding her custody of the child.  The sole issue on appeal is

whether Lydda Myers, in addition to the declaration of paternity

and custody she sought and obtained, is entitled to have the

trial court require that James Brolin verify his identity and his

employment.  Because the true identity of a party became a

substantial issue in this case, we hold that the trial court

erred in refusing to require Brolin to verify two relevant and

material facts, his identity and his employment.

     Lydda Myers filed a petition in the juvenile and domestic

relations district court against James T. Brolin, seeking to have

--------------------------------

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

him declared the father of her child and to award her custody of the child. James Brolin appeared at the hearing on the petition. At that hearing, evidence was introduced of a DNA test result that showed a 99.9 percent probability of his paternity. He acknowledged that he is the child's father. By order, the judge of the juvenile court found that the father used the name James T. Brolin when his DNA was tested, that James T. Brolin and James Vernon Marsh, Jr., are the same person, that James Vernon Marsh, Jr., is the child's father, and that the mother was entitled to custody. The juvenile and domestic relations district court and the circuit court, on appeal, denied Myers' request that Brolin be required to provide verification of his true identity, his employment, and other personal information, including his address and his lineage. Myers appeals from the circuit court's ruling holding that it has no authority to require Brolin to provide her and the court that information.

A party appealing to a circuit court has the right to a <u>de novo</u> trial on appeal from "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction." Code §§ 16.1-296, 16.1-136. <u>See also</u> <u>Walker v. Dep't of Public Welfare</u>, 223 Va. 557, 562-63, 290 S.E.2d 887, 890 (1982). The circuit court's order "affirmed verbatim" the juvenile and domestic relations district court's order. Because Brolin appeared at the <u>de novo</u> hearing and conceded the issues of paternity, custody, and support, the trial

-2-

court summarily held that Myers was entitled to and was receiving all the relief she sought by her petition. Thus, the trial court entered an order to that effect and ruled that because she was receiving the requested relief, no further hearing was required, nor was Brolin required to provide verification of his identity or employment.

Code § 20-49.8 provides that an order establishing parentage "may include any provision directed against the appropriate party to the proceeding, concerning the duty of support . . . or any other matter in the best interest of the child." The juvenile order manifests that a substantial question was raised as to the identity of the child's father. Presumably, the child's father is James Vernon Marsh, Jr., as he informed the trial court. However, determining the true identity of the father as an "appropriate party" is basic to a paternity and ancillary support proceeding. Thus, to determine who is an "appropriate party" for purposes of paternity and support, the child or mother on the child's behalf is entitled to require that the father verify his identity when a substantial question arises concerning the identity, as is the situation here. Moreover, Code § 20-49.8 provides that when the court determines paternity, a certified copy of the order "shall" be transmitted to the State Registrar of Vital Records and "shall set forth the full name and date and place of birth of the person whose parentage has been determined, the full names of both parents."

In order for the court to comply with this legislative mandate, the court was required to have the parties verify their identities, including the foregoing information.  Furthermore, Code § 20-79.1 authorizes a trial court in a support enforcement proceeding, in its discretion, to order the employer of a support obligor to deduct and withhold from earnings the amount of court ordered child support.  While this proceeding was not one to enforce the father's support obligation, a determination of the father's employer is a relevant fact to the duty to support which flows from the paternity determination.  Identifying the father's employer is a fact which the trial court <u>may</u>, in the exercise of its sound discretion, determine under Code § 20-49.8 as "any other matter in the best interest of the child."

Accordingly, we reverse the trial court's ruling that it was without authority to require Brolin to verify his identity and employer.  We remand the case to the trial court for such further proceedings as are necessary consistent with this opinion.

<u>Reversed and remanded.</u>